James A. Dumas, Jr. (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS & KIM, APC
3435 Wilshire Boulevard
Suite 990
Los Angeles, California 90010
Phone:  213-368-5000
Fax:    213-368-5009

Attorneys for Plaintiff and Chapter 7 Trustee
Carolyn A. Dye

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MAJOR TEXTILE IMPORTS, INC.,<br><br>Debtor<br><br>---<br><br>CAROLYN A. DYE, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>SAMUEL SHAMS, an individual,<br><br>Defendant. | Case No.: 2:14-bk-30081-RN<br><br>[Chapter 7]<br><br>Adversary No.: 2:15-ap-01360-RN<br><br>**PROOF OF SERVICE OF COMPLAINT:**<br><br>1)  **FOR BREACH OF ORAL CONTRACT;**<br>2)  **FOR TURNOVER OF PROPERTY TO THE ESTATE**<br>3)  **COMMON COUNTS: OPEN BOOK ACCOUNT;**<br>4)  **COMMON COUNTS: ACCOUNT STATED;**<br>5)  **COMMON COUNTS: MONEY HAD AND RECEIVED**<br><br>[11. U.S.C. §§ 105, 541, 542] |

///

```
 1  James A. Dumas, Jr. (SBN 76284)
    Christian T. Kim (SBN 231017)
 2  DUMAS & KIM, APC
    3435 Wilshire Boulevard
 3  Suite 990
    Los Angeles, California 90010
 4  Phone:  213-368-5000
    Fax:    213-368-5009
 5
    Attorneys for Plaintiff and Chapter 7 Trustee
 6  Carolyn A. Dye
```

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MAJOR TEXTILE IMPORTS, INC.,<br><br><br><br>Debtor<br><br>_____<br><br>CAROLYN A. DYE, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>SAMUEL SHAMS, an individual,<br><br>Defendant. | Case No.: 2:14-bk-30081-RN<br><br>[Chapter 7]<br><br>Adversary No.: 2:15-ap-01360-RN<br><br>**COMPLAINT:**<br>1) **FOR BREACH OF ORAL CONTRACT;**<br>2) **FOR TURNOVER OF PROPERTY TO THE ESTATE**<br>3) **COMMON COUNTS: OPEN BOOK ACCOUNT;**<br>4) **COMMON COUNTS: ACCOUNT STATED;**<br>5) **COMMON COUNTS: MONEY HAD AND RECEIVED**<br><br>[11. U.S.C. §§ 105, 541, 542] |

///

///

COMES NOW, Plaintiff and Chapter 7 Trustee Carolyn A. Dye ("Trustee" or "Plaintiff"), as and for her complaint herein, complains and alleges as follows:

## I.

## THE PARTIES AND JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and this is a core proceeding under 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), or 157(b)(2)(E). In the event this proceeding is determined to include non-core claims for relief, the Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court as to any such claims. Venue in the Central District of California, Los Angeles Division (the "Bankruptcy Court"), is proper pursuant to 28 U.S.C. § 1409 in that this adversary proceeding is related to the bankruptcy case of Major Textile Imports, Inc. bearing case number 2:14-bk-30081-RN presently pending under Chapter 7 of Title 11 of the United States Code in the Bankruptcy Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 because this is a civil proceeding arising in and/or related to the debtor, Major Textile Imports, Inc., Chapter 7 case.

2. The Plaintiff, Carolyn A. Dye is the duly appointed and acting Chapter 7 bankruptcy trustee for the estate of Major Textile, Imports, Inc. ("Debtor")

3. The Plaintiff is informed and believes and thereon alleges that, defendant, Samuel Shams, ("Shams"), is and at all times all times alleged herein, an individual residing in the County of Los Angeles, the sole shareholder and officer of the Debtor, and subject to the jurisdiction of the Bankruptcy Court.

4. The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court, on October 23, 2014. ("Petition Date")

5. The Plaintiff is informed and believes and thereon alleges that, defendant, Shams' principal place of business is located in Los Angeles County, California.

## II.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6.   Plaintiff refers to the allegations set forth in paragraph 1 through 5 hereof and incorporates said allegations herein as if fully set forth hereat.

7.   On or about December 31, 2007, the Debtor and Shams entered into an oral agreement whereby the Debtor would loan $298,000 to Shams without any deadline for repayment. ("2007 Agreement") The Debtor's 2007 corporate tax return characterizes the $298,000 loaned under the 2007 Agreement as a "shareholder loan." As of the Petition Date, none of the monies owed under the 2007 Agreement has been repaid to the Debtor.

8.   On or about December 31, 2008, the Debtor and Shams entered into an oral agreement whereby the Debtor would loan $187,000 to Shams without any deadline for repayment. ("2008 Agreement") The Debtor's 2008 corporate tax return characterizes the $187,000 loaned under the 2008 Agreement as a "shareholder loan." As of the Petition Date, none of the monies owed under the 2008 Agreement has been repaid to the Debtor.

9.   On or about December 31, 2009, the Debtor and Shams entered into an oral agreement whereby the Debtor would loan $45,000 to Shams without any deadline for repayment. ("2009 Agreement") The Debtor's 2009 corporate tax return characterizes the $45,000 loaned under the 2009 Agreement as a "shareholder loan." As of the Petition Date, none of the monies owed under the 2009 Agreement has been repaid to the Debtor.

10.   On or about December 31, 2010, the Debtor and Shams entered into an oral agreement whereby the Debtor would loan $70,000 to Shams without any deadline for repayment. ("2010 Agreement") The Debtor's 2010 corporate tax return characterizes the $70,000 loaned under the 2010 Agreement as a "shareholder loan." As of the Petition Date, none of the monies owed under the 2010 Agreement has been repaid to the Debtor.

11.   On or about December 31, 2011, the Debtor and Shams entered into an oral agreement whereby the Debtor would loan $300,000 to Shams without any deadline for repayment. ("2011 Agreement") The Debtor's 2011 corporate tax return characterizes the $300,000 loaned under the 2011 Agreement as a "shareholder loan." As of the Petition Date,

none of the monies owed under the 2011 Agreement has been repaid to the Debtor.

12.  On or about December 31, 2013, the Debtor and Shams entered into an oral agreement whereby the Debtor would loan $100,000 to Shams without any deadline for repayment. ("2013 Agreement" collectively referred to herein with the 2007, 2008, 2009, 2010 and 2011 Agreements as the "Agreements") As of the Petition Date, none of the monies owed under the 2013 Agreement has been repaid to the Debtor.

13.  As of the Petition Date, none of the $1,000,000 owed under the Agreements has been repaid to the Debtor. Because no deadlines for repayment under the Agreements were set, the money loaned under the Agreements were due on demand as a matter of law. No demand for the money loaned under the Agreements have been made until the filing of this complaint.

### III.

### FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT
#### (Against Defendant Samuel Shams)

14.  Plaintiff refers to the allegations set forth in paragraph 1 through 13 hereof and incorporates said allegations herein as if fully set forth hereat.

15.  On or about December 31, 2007, December 31, 2008, December 31, 2009, December 31, 2010, December 31, 2011, December 31, 2013, the Debtor and Shams entered into the Agreements whereby the Debtor loaned a total of $1,000,000 to Shams.

16.  Shams materially breached the Agreements with the Debtor by failing to repay any of the sums due under the Agreements.

17.  The Debtor fully performed all conditions, duties, and obligations required on its part under the Agreements, except for those conditions, covenants, and promises which have been waived, prevented, or otherwise excused by Shams's prior conduct.

18.  As a direct and proximate result of Shams breaches of the Agreements, Plaintiff has been damaged in the minimum sum of $1,000,000, plus prejudgment interest and according to proof.

///

IV.

## SECOND CLAIM FOR RELIEF FOR TURNOVER OF PROPERTY OF THE ESTATE

(11 U.S.C. §§ 105, 541, 542)

### (Against Defendant Samuel Shams)

19. Plaintiff refers to the allegations set forth in paragraph 1 through 18 hereof and incorporates said allegations herein as if fully set forth hereat.

20. All interests of the Debtor as of the commencement of the Debtor's bankruptcy case, including monies required to be paid to the Debtor by Shams under the Agreements, are property of the Debtor's bankruptcy estate.

21. Any individual or entity in possession, custody or control of the property of the estate is required to turn over such property to the Trustee.

22. Plaintiff is entitled to an order requiring the turnover of the monies required to be paid to the Debtor under the Agreements.

V.

## THIRD CLAIM FOR RELIEF FOR COMMON COUNTS: OPEN BOOK ACCOUNT

### (Against Defendant Samuel Shams)

23. Plaintiff refers to the allegations set forth in paragraph 1 through 18 hereof and incorporates said allegations herein as if fully set forth hereat.

24. The Debtor and Shams engaged in financial transactions in connection with the Agreements, including the Debtor loaning money to Shams.

25. The Debtor kept an account of the debits and credits involved in the financial transactions between the Debtor and Shams, including monies loaned and repaid under the Agreements.

26. Shams owes the Debtor's bankruptcy estate money on the account as detailed in the book account held by the Debtor.

27. Defendant, Shams has not paid the Debtor approximately $1,000,000 owed under the account. As a consequence of Sham's failure to pay on the open book account, the Plaintiff

1  is entitled to damages against Shams in the minimum sum of $1,000,000, plus prejudgment
2  interest.

### VI.

### FOURTH CLAIM FOR RELIEF FOR COMMON COUNTS: ACCOUNT STATED

#### (Against Defendant Samuel Shams)

28. Plaintiff refers to the allegations set forth in paragraph 1 through 18 hereof and incorporates said allegations herein as if fully set forth hereat.

29. Shams owes the Debtor money from financial transactions which took place prior to the Petition Date, including the loaning of money from the Debtor to Shams pursuant to the Agreements.

30. The Debtor and Shams, by words or conduct, agreed that the amount stated in the account was the correct amount owed to the Debtor.

31. Shams, by words or conduct, promised to pay the stated amount in the account to the Debtor.

32. Shams has failed to pay the minimum sum of $1,000,000 to the Debtor under the account.

33. As a consequence of Sham's failure to pay the account as stated, the Plaintiff is entitled to damages against Shams in the minimum sum of $1,000,000, plus prejudgment interest.

### VII.

### FIFTH CLAIM FOR RELIEF FOR COMMON COUNTS: MONEY HAD AND RECEIVED

#### (Against Defendant Samuel Shams)

34. Plaintiff refers to the allegations set forth in paragraph 1 through 18 hereof and incorporates said allegations herein as if fully set forth hereat.

35. Shams has and continues to wrongfully possess monies in the minimum amount of $1,000,000 that was intended to be used for the benefit of the Debtor and which in equity and

1  good conscience belong to the Debtor.

2      36.    At no point has Shams ever used any of the $1,000,000 loaned under the
3  Agreements for the benefit of the Debtor.

4      37.    None of the $1,000,000 loaned to Shams under the Agreements has been repaid
5  to the Debtor.

6      38.    As a result, there is and will continue to be due, owing, and unpaid from Shams
7  an amount not less than $1,000,000, plus costs and accrued interest, all according to proof at or
8  before trial.

## VIII.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1. For a judgment for damages in the minimum sum of $1,000,000 against defendant, Samuel Shams, and according to proof;

**ON THE SECOND CLAIM FOR RELIEF:**

2. For a judgment requiring the turnover of property of the estate;

**ON THIRD CLAIM FOR RELIEF**

3. For a judgment for damages in the minimum sum of $1,000,000 against defendant, Samuel Shams, and according to proof;

**ON FOURTH CLAIM FOR RELIEF**

4. For a judgment for damages in the minimum sum of $1,000,000 against defendant, Samuel Shams, and according to proof;

**ON FIFTH CLAIM FOR RELIEF**

5. For a judgment for damages in the minimum sum of $1,000,000 against defendant, Samuel Shams, and according to proof;

**ALL CLAIMS FOR RELIEF**

6. For prejudgment interest;

7. For costs of suit; and

8. For such other relief as the Court deems just and proper.

Dated: July 6, 2015            DUMAS & KIM, APC

By: /s/ Christian P. Kim
Christian T. Kim,
Attorneys for Plaintiff and Chapter 7 Trustee,
Carolyn A. Dye

---

COMPLAINT 1) BREACH OF ORAL CONTRACT; 2) FOR TURNOVER OF PROPERTY OF THE ESTATE; 3) COMMON COUNTS: OPEN BOOK ACCOUNT; 4) COMMON COUNTS: ACCOUNT STATED; 5) COMMON COUNTS: MONEY HAD AND RECEIVED                                                                                                               PAGE 8

FORM B104 (08/07)  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Carolyn A. Dye | **DEFENDANTS**<br>Samuel Shams |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Dumas & Kim, APC, 3435 Wilshire Boulevard, Suite 990<br>Los Angeles, California 90010; 213-368-5000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
BREACH OF ORAL CONTRACT; TURNOVER OF PROPERTY TO THE ESTATE; COMMON COUNTS
[11 U.S.C. sections 105, 541, 542]

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☑ [2] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☑ [1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,000,000.00 |
| Other Relief Sought | |

FORM B104 (08/07), page 2                                               2007 USBC, Central District of California

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Major Textile Imports, Inc. | 2:14-bk-30081 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central | Los Angeles | Hon. Richard M. Neiter |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| Carolyn A. Dye | Samantha & Simon, LLC | 2:15-ap-01267-RN |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central | Los Angeles | Hon. Richard M. Neiter |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**
[signature]

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 7/6/15 | Christian T. Kim |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

STATUS CONFERENCE INSTRUCTIONS OF
BANKRUPTCY JUDGE RICHARD M. NEITER
Courtroom 1645

1. A copy of these instructions must be attached to the copy of the complaint served upon each party, and the proof of service must state that these instructions, as well as a copy of the summons and complaint, was served.

2. If the proceeding involves money or property exceeding $10,000 or if the plaintiff believes trial time will be four (4) hours or more, plaintiff must serve, with the summons and complaint, a notice in compliance with Local Bankruptcy Rule 7026-1. Plaintiff must also file proof of service of the notice with proof of service of the summons and complaint.

3. If Local Bankruptcy Rule 7026-1 applies, counsel for the parties MUST TIMELY MEET TO DISCUSS SETTLEMENT AND TO EXCHANGE DOCUMENTS, OTHER EVIDENCE AND LISTS OF WITNESSES AND PRELIMINARY DISCOVERY SCHEDULES AS PROVIDED IN THE RULE.

4. Pursuant to Local Bankruptcy Rule 7016-1(a)(2), all parties must file a Joint Status Report at least fourteen (14) days before the date set for each status conference. The initial Joint Status Report should be in a form attached hereto as Exhibit A, i.e., Local Form 7016-1.1. Failure to file such a Joint Status Report may result in the imposition of monetary sanctions and/or the status conference being continued and parties being ordered to redo the status report to conform to Exhibit A. If cooperation in the filing of a Joint Status Report cannot reasonably be obtained, each appearing party must file a Unilateral Status Report and Declaration which complies with Local Bankruptcy Rule 7016-1(a)(2) and is filed within ten (10) days of the date set for each conference.

5. If a response to the complaint is not timely filed:

    A. The plaintiff should promptly file a request for entry of default by the clerk. The plaintiff should also move for an entry of a default judgment by filing and serving (if necessary) an appropriate motion; see Fed. R. Bankr. P. 7055 and Local Bankruptcy Rule 9021-1(d);

    AND

    B. No later than ten (10) days prior to the status conference, each appearing party must also file a Unilateral Status Report (completing Sections A-E of Exhibit A attached hereto) as required by Local Bankruptcy Rule 7016-1(a)(2).

6. If the parties dispute whether the adversary proceeding is "core" within the meaning of 28 U.S.C. § 157(b), they must file points and authorities in support of their positions. Any party who contends that the proceeding is "non-core" must file and serve a memorandum of points and authorities and evidence in support of his/her/its position no less than fourteen (14) days before the status conference. Any response must be filed at least seven (7) days before the status conference.. If a party does not timely file and serve his/her/its papers, that failure may be deemed a consent to whatever determination the Court makes.

7. Any party claiming a right to trial by jury must make a timely demand as set forth in Local Bankruptcy Rule 9015-2. If the parties dispute whether a party has a right to a jury trial, they must file points and authorities in support of their positions. Any party who contends that he/she/it has a right to a jury trial must file and serve a memorandum of points and authorities and evidence in support of his/her/its position no less than fourteen (14) days before the status conference. Any response must be filed at least seven (7) days before the status conference. If a party does not timely file and serve his/her/its pleadings, that failure may be deemed a consent to whatever determination the Court makes.

8. Counsel for each party and any party who does not have counsel **must** appear **in person** at the **first** status conference. With respect to **subsequent** status conferences, counsel for each party and any party who does not have counsel may appear by telephone if they make timely arrangements to do so in accordance with the Court's telephonic appearance procedures, which can be accessed by clicking "Information" on the upper left-hand corner of the Court's website at www.cacb.uscourts.gov. If a party has questions about these procedures or cannot locate them on the Court's website, the party may contact Phyllis Jones, the judge's Courtroom Deputy, at (213) 894-5860.

9. Unless otherwise ordered by the Court, within seven (7) court days after the initial status conference, the plaintiff must submit a Scheduling Order which complies with Local Bankruptcy Rule 7016-1(a)(3).

10. Failure to comply with these instructions may subject the responsible party to sanctions as may be warranted under the circumstances or allowed under Local Bankruptcy Rule 7016-1(f).

11. Failure of counsel for any party to appear at a status conference may be considered an abandonment or failure to prosecute or defend diligently and may result in dismissal of the proceeding or judgment entered against the defaulting party without further hearing, or such other sanctions as may be warranted under the circumstances or allowed under Local Bankruptcy Rule 7016-1(g).

(Released March 5, 2007)

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Christian T Kim<br>Dumas & Assoc<br>3435 Wilshire Blvd Ste 990<br>Los Angeles, CA 90010<br><br>213-368-5000<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES | |
| In re:<br><br>Major Textile Imports Inc.<br><br><br><br>Debtor(s). | CASE NO.: 2:14-bk-30081-RN<br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 2:15-ap-01360-RN |
| Carolyn A. Dye<br><br>                          Plaintiff(s)<br>          Versus<br><br>Samuel Shams<br><br>                          Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **08/06/2015.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

    Date:              September 3, 2015
    Time:              09:30 AM
    Hearing Judge:     Richard M Neiter
    Location:          255 E Temple St., Crtrm 1645, Los Angeles, CA 90012

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                     Page 1                        **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: July 7, 2015

By: "s/" Shafari Tatum

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                              Page 2                              **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____  _____
Date          Printed Name          Signature

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                              **F 7004-1.SUMMONS.ADV.PROC**

| In re: Major Textile Imports, Inc.<br>Dye v. Shams | | CHAPTER: 7 |
|---|---|---|
| | | CASE NUMBER: 2:14-bk-30081-RN |
| | Debtor(s). | ADV. NUMBER: 2:15-ap-01360-RN |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3435 Wilshire Blvd., Ste. 990, Los Angeles, CA 90010.

A true and correct copy of the foregoing document entitled (*specify*): **Proof of service of Complaint** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 8, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Carolyn A Dye (TR)    trustee@cadye.com, cdye@ecf.epiqsystems.com;atty@cadye.com
Christian T Kim    ckim@dumas-law.com, ckim@ecf.inforuptcy.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 8, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Major Textile Imports, Inc.
1401 E. 15th Street
Los Angeles, CA 90021

Samuel Shams
1601 S. Griffith Street
Los Angeles, CA 90021

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 8, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Rosendo Gonzalez: rossgonzalez@gonzalezplc.com
Jaenam Coe: coelaw@gmail.com

United States Bankruptcy Court
Hon. Richard Neiter
255 E. Temple St., Crt. Room 1652
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **July 8, 2015** | Danielle M. Landeros | /s/ Danielle M. Landeros |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                         **F 9013-3.1.PROOF.SERVICE**